[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-13048
Non-Argument Calendar

_____

D.C. Docket No. 3:12-cr-00045-CAR-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARIUS SANTAS BRIGHTWELL,
a.k.a. Skeet,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(March 20, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Darius Brightwell appeals the sentence of 24-months imprisonment imposed

following the revocation of his supervised release under 18 U.S.C. § 3583(e).  At

the same sentencing hearing, the district court also imposed a separate 24-month

sentence for a new conviction, which was the crime that triggered the revocation of Brightwell's supervised release. The district court ordered the two sentences to run consecutively, despite the government's recommendation to the contrary. In this appeal, Brightwell argues his sentence was substantively unreasonable because it was too harsh and unjustifiably relied on his criminal history to the exclusion of the other 18 U.S.C. 3553(a) factors. He also argues it was substantively unreasonable for the district court to impose this sentence consecutive to the sentence he received for the new conviction. After careful review, we affirm.

## I.

On August 28, 2015, Brightwell pleaded guilty to possession with intent to distribute. Brightwell also admitted violating the terms of his supervised release from a previous conviction. For his violation of supervised release, the presentence investigation report ("PSR") calculated a guideline range of 33 to 41 months. Because 24-months imprisonment was the statutory maximum sentence, the PSR recommended Brightwell receive 24 months. The PSR also noted that United States Sentencing Guidelines policy is that this sentence be served consecutive to any other term of imprisonment. See USSG § 7B1.3 cmt. n.4.

At the sentencing hearing for both Brightwell's violation of supervised release and his new conviction, the district court acknowledged the government's recommendation that the two sentences be imposed concurrently. The court also

2

noted Brightwell's history of drug abuse, his health problems, and his "very serious criminal history." The district court said it considered the 18 U.S.C. § 3583(e) factors and sentenced Brightwell to 24-months imprisonment to be served consecutive to his sentence for the new conviction. The court explained that it ran the sentences "consecutively [] because of the very serious criminal history." The court also recommended Brightwell for a drug treatment program.

## II.

"We review the sentence imposed upon revocation of supervised release for reasonableness."[1] United States v. Velasquez Velasquez, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). "We review the substantive reasonableness of a sentence for an abuse of discretion." United States v. Osorio-Moreno, 814 F.3d 1282, 1287 (11th Cir. 2016). We will vacate a sentence "only if[] we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation omitted). "The weight given to any specific § 3553(a) factor is committed to the sound

---

[1] The government argues this Court should review this appeal for plain error because Brightwell did not object to the substantive reasonableness of his sentence before the district court. But the government fails to cite binding precedent that a failure to object to the substantive reasonableness of a sentence results in plain error review.

3

discretion of the district court." United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016).[2]

In revoking a term of supervised release, the district court is required to consider the nature and circumstances of the offense; the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct and to protect the public from the defendant's further crimes; and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3583(e); see id. § 3553(a)(1), (a)(2)(B–D). The district court must also consider the sentencing ranges established by the Sentencing Guidelines and any pertinent policy statement from the sentencing commission. Id. § 3583(e); see id. § 3553(a)(4–5).

## III.

Brightwell challenges the substantive reasonableness of his sentence in two ways. First, Brightwell argues the sentence was substantively unreasonable because it was too harsh and unjustifiably relied on his criminal history to the exclusion of the other § 3553(a) factors. He highlights mitigating factors, including his drug addiction and commitment to change, as well as his medical condition. At the sentencing hearing, the district court said it considered the 18 U.S.C. § 3583(e) factors, which adopt most of the § 3553(a) factors. It is true that

---

[2] Most of the factors in 18 U.S.C. § 3553(a) apply in revocation of supervised release proceedings. 18 U.S.C. 3583(e).

the district court emphasized Brightwell's "very serious criminal history," but it was within the court's discretion to do so.  See Croteau, 819 F.3d 1293, 1309.  The court also recognized relevant mitigating factors, including Brightwell's history of drug abuse and his health problems, and recommended Brightwell for a drug treatment program.  Therefore, Brightwell has not demonstrated that the district court failed to consider mitigating factors or improperly weighed the sentencing factors.

Second, Brightwell argues it was substantively unreasonable for the district court to impose the two sentences consecutively.  The sentencing court may order two terms of imprisonment to run concurrently or consecutively.  18 U.S.C. § 3584(a).  In making this decision, the court must consider the factors set forth in § 3553(a), id. § 3584(b), which instructs courts to consider the pertinent policy statements of the Sentencing Commission.  Id. § 3553(a)(5).  The Guidelines recommend that "any sentence of imprisonment for a criminal offense that is imposed after revocation of . . . supervised release be run consecutively to any term of imprisonment imposed upon revocation."  USSG § 7B1.3, cmt. n.4.  Because the district court followed this recommendation, Brightwell cannot show it abused its discretion in running the two sentences consecutively.

**AFFIRMED.**

5